IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HAKIEM JOHNSON,

        Petitioner,

v.                                                    Civil Action No. 2:14cv6
                                                    Judge Bailey)

TERRY O'BRIEN, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

### I.   Factual and procedural History

On January 21, 2014, the *pro se* petitioner, Hakiem Johnson ("petitioner") filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241, attacking his conviction from the Eastern District of Pennsylvania[1] via two challenges to the indictment, and contending that counsel was ineffective. Along with his §2241 petition, he filed a motion for leave to file excess pages of memorandum in support and a copy of a January 14, 2014 Request for Withdrawal of Inmate's Personal Funds, indicating that the Five Dollar filing fee had been requested to be paid to the court. Because

---

[1] On August 8, 2008, pursuant to a plea agreement, petitioner entered a plea to Count 1ss of a Fifth Superseding Indictment, conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base "crack" in violation of 21 U.S.C. §§ 846 and 841(a)(1)(A), and Count 65ss, possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §924(c). See United States v. Coles, 2:05cr440 (E.D. Pa. 2005). On June 19, 2009, petitioner was sentenced to 120 months imprisonment on Count 1ss, and 60 months imprisonment on Count 65ss, to run consecutively, for a total term of 180 months imprisonment, followed by a five year term of supervised release. Id.
     Petitioner did not file a direct appeal of his criminal conviction, although he has filed numerous pre-trial motions attacking his indictment; two interlocutory *pro se* appeals of pre-trial Orders denying his *pro se* motions to dismiss the indictment; at least two pre-trial §2241 petitions, and a Complaint for Declaratory Judgment and Injunctive Relief against everyone involved in his criminal prosecution, including his own defense attorney, for "unlawfully" breaking into his home to search and seize property; arresting him; refusing to return the unlawfully seized property; creating an "elaborate conspiracy" to deprive him of life, liberty, property and money without due process; and alleging that his defense attorney "tried to sneak [him] . . . into a profer [sic] without telling him what a profer [sic] was." His application to proceed *in forma pauperis* was denied in that action because his complaint was deemed "patently frivolous." See: (E.D. Pa. Dkt.# 4) (2:07cv207).
     Nor has petitioner filed a motion to vacate his sentence under 28 U.S.C. §2255. In the instant §2241 petition, petitioner asserts that Count One of the "indictment is defective deductible [sic] by violation of the Double Jeopardy Clause;" and Count Sixty-Five of the indictment "must also be dismissed due to violation of the Double Jeopardy Clause, or remanded for resentencing due to change in operative law." He asserts that counsel was ineffective in multiple ways, including by refusing to file an appeal on his behalf and "simply miss[ing] the 14-day filing deadline He contends that the reason why his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention is that he was incarcerated in a Special Housing Unit ("SHU") for one year, "negating any opportunity to meet the time bar of a §2255." As relief, he seeks to have his case "remanded for resentencing due to stated changes in operative law."

petitioner provided that Request, the Clerk of Court did not issue a Notice of Deficiency, advising him of the necessity of paying the Five Dollar filing fee or seeking permission to proceed *in forma pauperis* and providing the necessary documentation.

On February 24, 2014, having received no filing fee, a Show Cause Order was entered, giving petitioner fourteen days to show cause why his case should not be dismissed for the failure to prosecute. On March 3, 2014, petitioner paid the requisite fee.[2]

By Order entered March 10, 2014, petitioner's motion to exceed the page limit was granted. On July 30, 2014, petitioner filed a Motion Inquisitive of §2241 Posture as Requisite for Entry of Writ of Mandamus (Dkt.# 11).

On October 30, 2014, the undersigned conducted a preliminary review of the file and determined that the petition should be construed as a motion filed pursuant to 28 U.S.C. §2255. However, because the petitioner had not previously filed a §2255 motion, the Court was required to give the petitioner notice of its intent to recharacterize the petition as a § 2255 motion. See Castro v. United States, 540 U.S. 375 (2003); United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002). Accordingly, the Court issued a notice of conversion in which the petitioner was advised that the Court intended to recharacterize his motion, the effects of such recharacterization, and the requirements of §2255. In addition, pursuant to Castro and Emmanuel, the petitioner was then given the opportunity to consent to the recharacterization, or to proceed as filed.

On November 18, 2014, the petitioner notified the Court that he elected to have his §2241 petition converted to a motion filed pursuant to 28 U.S.C. §2255. (Dkt.# 14). Additionally, he filed a Motion in Affirmance of Recharacterization of §2241 with Amendment to Petition Pursuant to 28 U.S.C. §2242 [sic]. (Dkt.# 15).

---

[2] Petitioner will be entitled to have his $5.00 fee returned to him, upon the recharacterization of his petition as one pursuant to 28 U.S.C. §2255.

## II. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A §2241 petition is used to attack the manner in which a sentence is executed. Thus, a §2241 petition that challenges a federal conviction and sentence is properly construed to be a §2255 motion. The only exception to this conclusion is where a §2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in §2255. Section 2255 states

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. §2255 (emphasis added).

Petitioner is well outside of the one year time limitation on filing a §2255 motion. However, because he has alleged that counsel refused to file an appeal on his behalf,[3] assuming petitioner can sustain his burden of proving by a preponderance of the evidence that counsel's performance was unreasonable, petitioner may be entitled to an evidentiary hearing to determine whether petitioner requested his attorney file an appeal, and whether counsel ignored or refused such instructions, entitling petitioner to resentencing, thus re-setting the clock on his direct appeal. Under such circumstances, petitioner may be able to timely raise his claims under §2255.[4]

---

[3] The Fourth Circuit Court of Appeals has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

[4] Section 2255 contains a one-year time limitation for filing for federal habeas relief. Because the petitioner was sentenced on June 19, 2009, it appears he is well outside the one-year time limitation for filing a §2255 motion.

### III. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the petitioner's §2241 petition be construed as a §2255 motion and transferred to the Eastern District of Pennsylvania for all further proceedings.

Further, given that there is no filing fee for a §2255 motion, and petitioner has already paid the $5.00 fee to file his §2241 habeas corpus petition, the undersigned **RECOMMENDS** that the Clerk of the Court be **DIRECTED** to reimburse petitioner's Prisoner Trust Fund Account in the amount of $5.00.

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by December 3, 2014,** any party may file with the Clerk of the Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: November 19, 2014.

　　　　　　　　　　　　　　　　　　　　　　/s/ James E. Seibert_____
　　　　　　　　　　　　　　　　　　　　　　JAMES E. SEIBERT
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE